UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORY A. NEAL,

        Plaintiff,

   v.                                      CAUSE NO. 3:20-CV-159 DRL-MGG

INDIANA DEPARTMENT OF
CORRECTIONS *et al.*,

        Defendants.

## OPINION & ORDER

Cory A. Neal, a prisoner without a lawyer, filed a complaint against two defendants. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Mr. Neal alleges that, on December 15, 2019, at 3:25 p.m., when evening dinner had concluded and inmates were being allowed to go back to work, Mrs. Thomas let five African-American inmates leave the dining area, but she would not permit him to leave. ECF 2 at 2. He states that Mrs. Thomas, who is African-American, argued with him, threw her arm into his chest, and then claimed he pushed her. *Id*. Mr.

Neal states he left the dining area and went to work. *Id*. When he returned from work at 5:30 p.m., Mrs. Thomas followed him to his cube to get his cube number. *Id*. Mr. Neal asked Mrs. Thomas for her name, but she refused to give it to him. *Id*.

Mr. Neal states that Deputy Warden Buss told his boss, who is the prison's Chaplain, that she reviewed the prison's video footage from December 15, 2019, and she did not find an incident on the footage that showed Mr. Neal had pushed Mrs. Thomas. ECF 2 at 3. However, at his disciplinary hearing on January 10, 2020, Mr. Neal claims that Mrs. Buss stated she did not really pay much attention to the video footage so she could not say whether he had, in fact, pushed Mrs. Thomas. *Id*.

In sum, Mr. Neal asserts that, when the incident occurred on December 15, 2019, Mrs. Thomas discriminated against him by allowing five African-American inmates to leave the dining area; however, she stopped and confronted him about leaving the area because he is Caucasian. ECF 2 at 3. As a result of the incident, he was found guilty of a disciplinary battery charge, lost his job, and was placed in disciplinary segregation. *Id*. Furthermore, Mr. Neal states that Mrs. Thomas violated prison policy by waiting two and one-half hours to report the assault and by refusing to give him her name. *Id*.

Though his allegations are concerning, Mr. Neal has failed to state a claim against the defendants he has named in his complaint. First he has named the Indiana Department of Correction (IDOC) as a defendant but state agencies such as IDOC are immune from suit under the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity, *see MCI*

*Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999), but none applies here. Thus, he cannot proceed against the IDOC.

Next, to the extent Mr. Neal may be asserting an equal protection claim against Mrs. Thomas, a plaintiff "must demonstrate intentional or purposeful discrimination." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982). Specifically, he must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Id.* Because Mr. Neal has not alleged facts that show Mrs. Thomas intentionally discriminated against him when she allowed five African-American inmates to exit the dining area ahead of him, he may not proceed on this claim. That fact alone would not permit this claim to proceed.

Furthermore, Mr. Neal may not sue Mrs. Thomas for failing to follow IDOC policy. Failure to follow prison guidelines does not amount to a constitutional violation. *Scott v. Edinburg* 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Therefore, Mr. Neal may not proceed on this claim.

As a final matter, to the extent Mr. Neal may be asserting he was found guilty of an allegedly false disciplinary charge, this does not state an independent cause of action. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but ... even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Because Mr. Neal's complaint does not

3

plausibly allege that any of his due process rights were violated at his disciplinary hearing, he may not proceed on this claim.

While the complaint does not state a claim, Mr. Neal will be given an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc*., 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Cory A. Neal;

(2) GRANTS Cory A. Neal until **February 12, 2021** to file an amended complaint on that form; and

(3) CAUTIONS Cory A. Neal that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

January 11, 2021                                      *s/ Damon R. Leichty*
                                                                 Judge, United States District Court